IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| RANDY GRIM, BRIDGET GRIM, STONY FORK CREEK CAMPGROUND, LP, and GRIM & GRIM, LLC, | : : : : : | No: |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION - LAW |
| DAVID CLEVELAND, OLIVER BUTLER, FRED KENNEDY, DELMAR TOWNSHIP, JAY ERB, AND ERB INSPECTIONS, INC., | : : : : | |
| **Defendants** | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiffs Randy and Bridget Grim are husband and wife, residing at 658 Stony Fork Creek Road, Wellsboro, Pennsylvania, and own Stony Fork Creek Campground, LP and Grim & Grim, LLC.

2. Plaintiff Grim & Grim, LLC is a Pennsylvania limited liability company located at 658 Stony Fork Creek Road, Wellsboro, Delmar Township, Pennsylvania.

3. Plaintiff, Stony Fork Creek Campground, LP is a Pennsylvania Limited Partnership located at 658 Stony Fork Creek Road, Wellsboro, Delmar Township, Tioga County, Pennsylvania.

4. Defendant Delmar Township, is a Pennsylvania municipality that, at all times relevant to this Complaint, has offices located at 610 North Lawton Road, Wellsboro, Tioga County, Pennsylvania.

5. Defendant David Cleveland is an adult individual who, at all times relevant to

1

this Complaint, has been a Township Supervisor with Delmar Township, located at 610 North Lawton Road, Wellsboro, Tioga County, Pennsylvania. Defendant is being sued both in his official and individual capacity.

6. Defendant Fred Kennedy is an adult individual who, at all times relevant to this Complaint, has been a Township Supervisor with Delmar Township, located at 610 North Lawton Road, Wellsboro, Tioga County, Pennsylvania. Defendant is being sued both in his official and individual capacity.

7. Defendant Oliver Butler is an adult individual who, at all times relevant to this Complaint, has been a Township Supervisor with Delmar Township, located at 610 North Lawton Road, Wellsboro, Tioga County, Pennsylvania. Defendant is being sued both in his official and individual capacity.

8. Defendant Erb Inspections, Inc., is a Pennsylvania corporation that performs municipal code inspections for Delmar Township and is located at 174 Water Tower Road, Suite 1, Lawrenceville, Tioga County, Pennsylvania.

9. Defendant Jay Erb is the owner and employee of Defendant Erb Inspections, Inc., and performs municipal code inspections for Delmar Township, with his business address located at 174 Water Tower Road, Suite 1, Lawrenceville, Tioga County, Pennsylvania. Defendant Jay Erb is being sued in his individual and his official capacity.

10. Federal District Court has jurisdiction over the claims asserted in this Complaint pursuant to the provisions of 28 U.S.C. § §1331, 1343, and 1367.

12. Pursuant to the provisions of 28 U.S.C. §1391, venue lies in the Federal District Court for the Middle District of Pennsylvania.

13. In the spring of 2003 Plaintiffs Randy and Bridget Grim purchased Stony Fork Creek Campground and moved with their family from southern Pennsylvania to the campground, renovating it at great cost and effort, and converting it into a profitable closely held family business.

14. David Cleveland was interested in purchasing the Stony Fork Campground at the time that the Grims purchased the property and has openly resented that Plaintiffs purchased it instead.

15. At the time that the campground was purchased by Plaintiffs, it was very run down and in poor condition and throughout their ownership, Plaintiffs have invested much time, effort, and money to make it appealing to the general public and a profitable business.

16. At the time of purchase, the Township road, Stony Fork Creek Road, accessing the campground was less than 16' wide, rough, and had no guardrails despite dangerous 40' high drop-offs along the road.

17. The unsafe condition of the road concerned Plaintiff Randy Grim, who raised these safety issues repeatedly at Township meetings, only to be informed by Supervisor Oliver Butler that the Township would not fix the unsafe road conditions until there were no more "flatlanders" living on it.

18. The term "flatlander" is a pejorative term used by long-term residents in the Township area and used to describe individuals, such as Plaintiffs, who move from southern Pennsylvania and purchase land in Tioga County.

19. Shortly after this Township meeting, Plaintiff Randy Grim took his road safety concerns to State Representative Matt Baker who contacted the Township

3

concerning the condition of Stony Fork Creek Road and, immediately thereafter, in retaliation for Plaintiffs' actions in contacting Representative Baker, the Supervisors blocked one lane of traffic on the road with 6' concrete blocks, turning the Township road into a one-lane road, in order to damage Plaintiffs' business by making it extremely difficult and/or dangerous for Plaintiffs' clientele to bring their large 20'-30' campers to the campground and limiting traffic to a one lane route along a dangerous precipice.

20. At further Township meetings and to the local press, Plaintiffs continued to air their ongoing safety concerns with the now one-lane Stony Fork Creek Road, while the Township Defendants refused to fix the concerns and Supervisor Cleveland expressly threatened to strip the existing pavement off the road and turn it back to a dirt road, if Plaintiffs did not stop complaining about the unsafe condition of the road both at public Township meetings and to the local press.

21. The unsafe conditions of the now one-lane road persisted until a U.S. Mail carrier's car struck one of the concrete blocks blocking one lane of traffic and rolled down the 40' high embankment from the road.

22. Following this incident, the Township Defendants finally removed the concrete blocks from the road and widened the road to 16 feet.

23. Shortly thereafter, the Township Defendants, cited Plaintiffs for having their campground entrance sign to close to the road, when the sign had been in place for approximately 40 years without incident and also cited Plaintiffs improperly for illegal park model campers.

24. In order to force Plaintiffs to stop complaining at public Township meetings and to the press about the condition of the Township next threatened to enact a "mass

4

gathering" ordinance which would govern any gatherings of over 300 people, and would have impacted only on the Campground among all of the properties in the Township. This was a specific threat to target the Plaintiffs' successful annual summer Bluegrass Festival in retaliation for their exercise of free speech.

25. Recently, the Township contracted with Defendants Erb Inspections, Inc. and Jay Erb to take over from the Township its traditional role of conducting municipal inspections in the Township.

26. The Township Defendants instructed and conspired with the Erb Defendants to cite the Plaintiffs' campground for unsubstantiated Construction Code violations in a concerted effort to retaliate against and harm the Plaintiffs for engaging in protected speech, for being "flatlanders," and for purchasing the campground.

27. Accordingly, on or about August 12, 2015 and immediately before the 2015 Bluegrass Festival, the Erb Defendants entered the Plaintiffs' premises and issued a number of unsubstantiated Construction Code violation notices closing the Plaintiffs' operating barn, office, store, residential complex, and a number of cabins, all buildings used on the premises for the essential day-to-day operation of the Plaintiffs' business and initiated associated criminal proceedings against Plaintiffs.

28. Plaintiffs were forced to litigate these violations, incurring costs for legal counsel, and to sustain substantial business losses in order to have the charges ultimately dismissed in their favor.

29. Additionally, throughout the period that Plaintiffs have owned the campground Plaintiff Randy Grim and his son, Tyler, have both run for the office of Township Supervisor angering the Defendants, and Defendants have repeatedly

5

selectively enforced the municipal ordinances against Plaintiffs, their acquaintances, and individuals who have supported Plaintiffs in their ongoing dispute with the Township Defendants, in retaliation for this support and in an effort to injure the Plaintiffs and to further alienate the community against Plaintiffs and have not enforced known and obvious municipal ordinance violations against other members of the community who are not associated with Plaintiffs, are not "flatlanders" and have not exercised their constitutional rights.

30. Each summer, Plaintiffs hold a well-attended "Bluegrass Festival" where music is played and large crowds visit the campground.

31. Right before the 2015 Bluegrass Festival, the Township, which was aware of the scheduled event, decided to strip Stony Fork Creek Road, the busiest road in the Township, back to dirt in order to impair access to the campground for the Festival attendees and to retaliate against Plaintiffs for the purchase of the campground, their status as "flatlanders," and the exercise of their First Amendment rights to address issues of public concern at Township meetings and by speaking to the local press.

32. Defendants' efforts impeded the attendance at the Bluegrass Festival, caused a serious and ongoing dust and mud problem, and caused Plaintiffs lost income and further impaired their constitutional rights.

33. As a result of these violations of Plaintiffs' rights, Plaintiffs have suffered impaired health, anxiety, fear, humiliation and medical expenses, a chilling effect on the exercise of their constitutional rights, in addition to the compensatory business and attorney fee damages claimed in this Complaint.

## COUNT I
### Plaintiffs v. All Defendants

### First Amendment Retaliation ( Section 1983)

34. Paragraphs 1 through 33 are incorporated herein by reference as if set forth in full.

35. Plaintiffs have repeatedly engaged in protected speech throughout the time that they have owned the campground, as indicated in this Complaint.

36. Defendants, through their actions, policies, customs, and practices have knowingly and intentionally retaliated against Plaintiffs for their protected speech by taking adverse actions against them, as indicated in this Complaint.

37. Plaintiffs' protected speech was a substantial motivating factor in causing the Defendants' retaliatory actions.

38. All Defendants are state actors at all relevant times to this Complaint.

39. As a result of the above described violations, Plaintiffs have suffered damages, as described more particularly above.

WHEREFORE, Plaintiffs, respectfully request this Honorable Court enter Judgment against Defendants for compensatory and punitive damages together with costs and attorney's fees and for any such other relief as the Court may deem appropriate.

## COUNT II
### Plaintiffs v. All Defendants

### Substantive Due Process (Section 1983)

7

40. Paragraphs 1 through 39 are incorporated herein by reference as if set forth in full.

41. Plaintiffs' use and enjoyment of their property, right to operate a business, and to engage in the livelihood of their choice are interests protected by substantive due process under the Fourteenth Amendment.

42. Defendants, through their actions, policies, customs, and practices, have knowingly and intentionally impaired and damaged Plaintiffs' use and enjoyment of their property, right to operate a business, and right to engage in the livelihood of their choice, as indicated throughout this Complaint.

43. Defendants' conduct in impairing and damaging these rights, as indicated throughout the Complaint, has been conscience shocking, arbitrary, capricious, and completely unrelated to any legitimate governmental interests.

44. As a result of the above described violations, Plaintiffs have suffered damages, as described more particularly above.

WHEREFORE, Plaintiffs, respectfully request this Honorable Court enter Judgment against Defendants for compensatory and punitive damages together with costs and attorney's fees and for any such other relief as the Court may deem appropriate.

## COUNT III
### Plaintiffs v. All Defendants

### Selective Enforcement (Section 1983)

45. Paragraphs 1 through 44 are incorporated herein by reference as if set

forth in full.

46. Defendants, through their actions, policies, customs, and practices, have knowingly and intentionally prosecuted various founded and unfounded code and municpal ordinance violations and actions against Plaintiffs as indicated throughout this Complaint.

47. Defendants prosecuted these violations and cases against Plaintiffs despite not prosecuting similar actual violations against individuals who were (1) not "flatlanders" (2) did not exercise their First Amendment right to protected speech concerning various Township policies, customs, practices, and actions instituted by the Defendants, and/or (3) had not purchased the campround, as indicated in this Complaint.

48. Defendants' motivations in prosecuting these claims and violations was based on Plaintiff's exercise of their constitutional rights, Defendants' intent to injure the Plaintiffs financially, legally, emotionally, and in their reputations, and Defendants' prejudice against Plaintiffs for having purchased property that Supervisor Cleveland desired to purchase and moved into the township as "flatlanders."

49. As a result of the above described violations of Plaintiff's Fourteenth Amendment right to equal protection, Plaintiffs have suffered damages as described more particularly above.

WHEREFORE, Plaintiffs, respectfully request this Honorable Court enter Judgment against Defendants for compensatory and punitive damages together with costs and attorney's fees and for any such other relief as the Court may deem appropriate.

9

## COUNT IV
### Plaintiffs v. All Defendants

#### Abuse of Process (State Law)

50. Paragraphs 1 through 49 are incorporated herein by reference as if set forth in full.

51. Defendants used legal process against Plaintiffs in the form of the multiple August 2015 unsubstantiated notices of violation and closing of the buildings necessary for the operation of the Plaintiffs ongoing business, as indicated throughout this Complaint.

52. The legal process was used primarily to accomplish a purpose for which the process was not designed, as indicated throughout this Complaint.

53. The Defendants' abuse of process has harmed the Plaintiffs, as indicated throughout this Complaint.

WHEREFORE, Plaintiffs, respectfully request this Honorable Court enter Judgment against Defendants for compensatory and punitive damages together with costs and attorney's fees and for any such other relief as the Court may deem appropriate.

## COUNT V
### Plaintiffs Randy Grim and Stony Fork Campground, LP v. All Defendants

#### Malicious Prosecution (State Law)

54. Paragraphs 1 through 53 are incorporated herein by reference as if set forth in full.

10

55. Defendants initiated the multiple municipal code violation criminal charges on or about August 12, 2015 against Plaintiffs with malice, intent, and no probable cause.

56. The proceedings have terminated in the Plaintiffs' favor.

WHEREFORE, Plaintiffs, respectfully request this Honorable Court enter Judgment against Defendants for compensatory damages together with costs and attorney's fees and for any such other relief as the Court may deem appropriate.

**SCHEMERY ZICOLELLO, P.C.**

By:   s/Joshua J. Cochran
      Michael J. Zicolello
      I.D. No: 65522
      Joshua J. Cochran
      I.D. No: 206807
      Attorneys for Plaintiffs

333 Market Street
Williamsport, PA 17701
Telephone:  (570) 321-7554
Facsimile:  (570) 321-7845
Email: josh@sz-law.com